**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

VS.                                                         CASE NO: 6:13-cr-175-Orl-31GJK

RYAN NICKLAUS GOULD

# ORDER

This case comes before the Court on the following:

1. Defendant's Motion to Dismiss and Alternative Motion for Pretrial Release and for Preliminary Hearing (Doc. 14) ("Motion to Dismiss");[1]

2. The Government's Response in Opposition to the Motion to Dismiss (Doc. 20) ("Opposition to Motion");

3. Magistrate Judge Thomas B. Smith's Order denying the Motion to Dismiss ("Magistrate's Order") (Doc. 26);

4. Defendant's Objection to the Magistrate's Order[2] (Doc. 28) ("Objection");

5. The Government's Response in Opposition to the Objection[3] (Doc. 44) ("Opposition to Objection"); and

---

[1] The issues presented in the Alternative Motion for Pretrial Release and for Preliminary Hearing are now moot because Defendant Gould received a preliminary hearing and was granted pretrial release. (*See* Docs. 16, 22-24).

[2] Defendant also submitted a notice of intent to rely on supplemental authority relating to the availability of habeas relief during the pendency of criminal charges. (Doc. 40). Because the cited authorities do not support dismissal, they are not addressed in this Order.

[3] The Government's Response was styled as "United States' Response in Opposition to Defendant's Motion to Dismiss" however the substance of the document addressed arguments raised in the Objection and provided analysis of the Magistrate's Order. Therefore, the Court interprets the government's response as a response in opposition to the Objection.

6. Oral argument on the Objection held before this Court on September 3, 2013 (*See* Doc. 49).

The parties agree that the appropriate standard of review is de novo (Docs. 28 at 3, 44 at 1), therefore the Court undertakes de novo review of the Magistrate's Order. For the reasons set forth below, the Court overrules the objections raised by the Defendant and denies the Motion to Dismiss.

Defendant Ryan Nicklaus Gould was charged with possession of a firearm by a person adjudicated as a mental defective or committed to a mental institution in violation of 18 U.S.C. § 922(g)(4). Thereafter, the government made an ore tenus motion to determine Defendant Gould's competency to proceed. (Doc. 5). The motion was unopposed by Defendant's counsel. (*Id.*). Magistrate Judge Thomas B. Smith ordered Defendant Gould's psychiatric or psychological examination pursuant to 18 U.S.C. §§ 4241 and 4247(b) on March 18, 2013. (*Id.*). Judge Smith's order specifically stated:

> 1. Defendant Ryan Nicklaus Gould is hereby committed to the custody of the Attorney General for a period not to exceed thirty days from the date of this Order . . . .
> 2. At the expiration of the thirty-day examination period, the Attorney General shall cause the Defendant to be transported promptly to the Middle District of Florida for a hearing before me pursuant to 18 U.S.C. § 4241(c), unless the date is extended before that deadline pursuant to a motion . . . . Extensions shall not exceed fifteen days. 18 U.S.C. § 4247(b).

(*Id.* at 2). Pursuant to Judge Smith's order, Defendant Gould should have been examined and returned to the Court by April 17, 2013, with the possibility of an extension until May 2, 2013. It took until April 15, 2013—twenty-eight days—for Defendant Gould to be transported to the facility in Miami for evaluation. (Doc. 10-1).

In light of this late transport, on April 19, 2013 the United States Attorney moved for and received a fifteen day extension until May 2, 2013 to complete the evaluation. (Docs. 8, 9). On

the same day, April 19, 2013, the Warden of the Federal Detention Center, Miami, Florida wrote to Judge Smith and requested an extension of time until May 15, 2013, which was treated as a motion and denied. (Doc. 10). Despite the clear forty-five day limitation in Judge Smith's order, and the unambiguous forty-five day limitation set forth in § 4247(b), Defendant Gould's competency hearing was not held until June 12, 2013, eighty-six days after Judge Smith's order.

Defendant Gould thereafter sought to have the case dismissed on the basis that the government violated § 4247(b). (Doc. 14; *see also* Doc. 28). The government made no effort to demonstrate that it complied with the forty-five day limitation, it responded by stating that the requested remedy is not available for violations of § 4247(b).[4] (Doc. 20; *see also* Doc. 44).

The Magistrate's Order denied the Motion to Dismiss and acknowledged that, while the Eleventh Circuit has not addressed the issue, no circuit court has held that dismissal is the remedy to a violation of § 4247(b) timelines. (Doc. 26 at 2). The Magistrate's Order further noted that dismissal would be proper on due process grounds if the "delay caused [Defendant Gould] actual substantial prejudice and that the delay was the product of a deliberate act by the government designed to gain a tactical advantage" and that Defendant Gould did not set forth a basis for dismissal under this standard. (Doc. 26 at 3 (citing *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996)). Now Defendant Gould raises objections with the Magistrate's Order.

The Magistrate's analysis was correct. Even assuming Defendant Gould's due process rights were violated, Defendant provided no legal authority showing the appropriate remedy was

---

[4] This Court's experience has been that the government violates the time limits of section 4247(b) almost as a matter of course. Further, discussion during oral argument on the Objection addressed the United States Marshals Service's lack of resources to transport criminal defendants for timely evaluations. While Defendant Gould has not requested appropriate relief, the Court acknowledges that the government appears to regularly violate an unambiguous timeline set out by Congress.

dismissal. *Cf. Ford v. Wainwright*, 549 F.2d 981, 982 (5th Cir. 1977)[5] (holding appropriate remedy for prisoner's procedural due process violation was new hearing rather than release). Defendant's Motion to Dismiss relied solely on *United States v. Taylor*, 2:06CR00053JCM(PAL), 2007 WL 329260 (D. Nev. Feb. 1, 2007) (affirming magistrate's report and recommendation) for the proposition that the appropriate remedy for the government's violation of § 4247(b) is dismissal of the case against him. *Taylor's* analysis was based on application of the Speedy Trial Act to a violation of § 4247(b). Defendant Gould has not raised any legal issue relating to the Speedy Trial Act. (*See* Docs. 26 at 2, 28). *Taylor*, therefore, does not support dismissal.

As Defendant Gould's Objection points out, Congress did not provide a remedy for violation of § 4247(b) timelines. (Doc. 28 at 3). Defendant's Objection raises issue with the Magistrate's reliance on *Foxman* and the lack of instruction on the proper remedy to a § 4247(b) violation. The Magistrate's analysis stands with or without reliance on *Foxman*. Further, the Court cannot fulfill Defendant Gould's request that the Court provide legal advice on the correct remedy to the statutory violation.

---

[5] The decisions of the former Fifth Circuit handed down before October 1, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

Defendant Gould has not provided any authority demonstrating dismissal of his charge is the appropriate remedy for a violation of § 4247(b). It is therefore,

**ORDERED** that:

1. Defendant's Objections to the Magistrate's Order (Doc. 28) are **OVERRULED** and

2. Defendant's Motion to Dismiss (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 13, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant